DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

# STATE OF NEW JERSEY,

## AT NOVEMBER TERM, 1874.

---

THE DELAWARE, LACKAWANNA AND WESTERN RAIL-
ROAD COMPANY v. FRANCIS W. DAILEY AND SARAH
M., HIS WIFE.

1. It is competent to ask a party, who offers himself as a witness, whether
he has made any agreement to share with any one what·he may re-
cover in the suit.

2. If counsel, when he asks a question, states that he asks it for a par-
ticular purpose for which it is not competent, it is not error to over-
rule it, although it may be competent for some other purpose.

3. A party shall not be heard in an appellate court upon a point not
taken, or a matter not raised or considered in the court below.

4. Refusal to non-suit for failure of proofs not error, if the defect was·sup-
plied by evidence taken in the progress of the cause.

5. Not error to charge " that a railroad company is bound to carry pas-
sengers safely, so far as the utmost care and skill of the most prudent
men practically obtainable, can secure it under the particular circum-
stances of the case."

---

In error to Supreme Court.

For the plaintiff in error, *Vanatta* and *J. G. Shipman.*

For the defendants in error, *Joseph C. Potts.*

The opinion of the court was delivered by

VAN SYCKEL, J. This suit is brought by the husband and wife for personal injury to the wife. She was a passenger on the railroad train of the defendants, on the 26th day of December, 1872, bound westward from New York city to her home in Millburn, New Jersey.

While the train in which she was seated was standing upon the track at South Orange, another train of the defendants, moving westward on the same track, collided with it and caused the injuries complained of.

Upon the cross-examination of Francis W. Dailey, a witness produced on the part of the plaintiffs below, the defendant's counsel asked him the following question :

" You have made some arrangement about the prosecution of this claim—some bargain—tell us what the bargain was ? "

By the court: What is the object of this question ?

Counsel replied, " I want to find out who is prosecuting this claim. My information is, that this claim is a claim farmed out on shares, by which the amount is to be divided among parties. I want to find out whether the suit is prosecuted to recover remuneration for the actual injuries sustained to the person, or whether it is prosecuted for the profit of speculators ; because it will take more money to satisfy one than it will the other."

The court overruled the question. Counsel then said, " I understand your Honor's ruling to embrace any questions that might be asked in pursuit of that question."

The court replied, " That question is overruled ; the ruling goes to that extent only."

Counsel then asked witness : " Have you, at any time, made any agreement with any person to share what may be recovered in this case between the plaintiffs and the person with whom you bargained ; and if so, state what that agreement was, when it was and with whom it was ? "

Thereupon the court ruled that the witness might be asked whether any agreement had been made with anybody outside of counsel with regard to the prosecution of this suit.

The first exception argued in this cause is to this ruling of the court below.

This question would have been competent for the purpose of impeaching the credibility of the witness, by showing that he had made a corrupt bargain. The defendant also had a right to unmask his real adversary, if the claim had been assigned, in order to lay a foundation for proving his acts or declarations pertaining to the matter in controversy.

If the counsel had drawn the answer he desired, it would not have been a bar to the suit, nor have affected the measure of damages.

The response of the counsel to the inquiry of the court limited the question to the purpose specifically stated by him, and in that view the question could have no influence upon the case, and was, therefore, incompetent. All that the court held was that the inquiry, for the objects declared by counsel, had no relevancy to the issue, and in this there was no error.

When the second question was propounded, no different purpose was stated, and, therefore, the court had a right to presume that no different object was intended.

The defence offered being incompetent, no harm was done to the defendant by overruling the question. It is the well settled rule that a party shall not be heard in an appellate court upon a point not taken, or a matter not raised and considered in the court below. The point specifically made was properly decided, and this court cannot say that, if the evidence had been offered for any legal purpose, it would have been rejected. This result is in harmony with many cases which have been adjudged in this court and in the Supreme Court. *Oliver* v. *Phelps, Spencer* 180; *Moran* v. *Green*, 1 *Zab.* 562; *Oliver* v. *Phelps*, 1 *Zab.* 597; *State* v. *Fox*, 1 *Dutcher* 566; *Associates* v. *Davison*, 5 *Dutcher* 415; *Durant* v. *Palmer*, 5 *Dutcher* 544; *Perrine* v. *Serrell*, 1 *Vroom* 454.

In *Durant* v. Palmer, a motion to call the plaintiff was denied, and this court would not permit the defendant's counsel to urge any ground for non-suit, which was not suggested below.

In the State v. Fox the defendant, on the trial, offered to swear a juror and to ask him a particular question. The offer was overruled. The Supreme Court held that in this there was no error, because the question was incompetent, and it did not appear that the court below was asked to decide whether the juror was a competent witness to answer a proper question.

In the case in 5 *Dutcher* 418, this court ruled that the bill of exceptions must show that the precise point of which a review is sought was made by counsel, presented to the mind of the court and decided before the bill was sealed.

It would be contrary to the very decided expression of our courts in all the cases cited to permit a party to offer evidence for a specific purpose, and on error to this court to insist that it was competent for some other purpose as to which the judgment of the court below was not taken.

After the plaintiffs rested their case, the court below overruled a motion to non-suit, and this is assigned for error. Even if, at that point, there had been a failure of proof, the defect was abundantly supplied by evidence taken in the progress of the cause, and, therefore, the judgment would not be reversed. *Perth Amboy Manf. Co.* v. *Condit,* 1 *Zab.* 659.

The case, as presented by the plaintiff's testimony, was this: The train in which the plaintiff's wife was a passenger, stood upon the track at South Orange, from fifteen to thirty minutes before the collision, on the time of the approaching train; and it did not appear that any attempt was made to signal the approaching train, or in any way to warn it of danger, until it came within four or five hundred feet of the South Orange depot.

Application to take a case from the jury under such circumstances, could receive no favor in any court where a carrier of passengers is held to the slightest responsibility.

It is also alleged that there was error in the charge of the court as to the degree of care the defendant was required to exercise as a carrier of passengers. The jury were instructed " that the company is bound to carry passengers safely, so far

as the utmost care and skill of the most prudent men, practically obtainable, can secure it under the particular circumstances."

The rule that carriers of passengers are bound to exercise the highest degree of care and diligence that a reasonable man would use, and that they are responsible for the slightest negligence, has been very generally adopted in this country, and is the law of this state.

Neither in this nor in any other error assigned, can I find any ground to disturb the judgment below. In my opinion, it should be affirmed.

*For affirmance*—The CHANCELLOR, CHIEF JUSTICE, DALRIMPLE, SCUDDER, VAN SYCKEL, WOODHULL, DODD, GREEN, LILLY. 9.

*For reversal*—None.